UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RICHARD EUGENE PATRICK,

        Plaintiff,                      Case No. 16-cv-10338

v                                          Honorable Thomas L. Ludington
                                            Magistrate Judge Elizabeth A. Stafford

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____/

**ORDER SUSTAINING OBJECTION, ADOPTING IN PART AND REJECTING IN PART THE REPORT AND RECOMMENDATION, GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND REMANDING COMMISSIONER'S DECISION PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g)**

      Plaintiff Richard Eugene Patrick filed an application for Disability Insurance Benefits and Supplemental Security Income on May 5, 2013, alleging a disability onset date of July 1, 2011. After his applications were initially denied Plaintiff timely requested an administrative hearing, which was held on February 6, 2015. On March 2, 2015 the ALJ issued a written decision finding that Plaintiff was not disabled under the Social Security Act. That decision became final when the Appeals Council denied Plaintiff's request for review. Plaintiff appealed to this Court on February 1, 2016. *See* Compl., ECF No. 1.

      Plaintiff Patrick filed a motion for summary judgment on June 20, 2016. ECF No. 15. Defendant Commissioner then filed a motion for summary judgment on July 18, 2016. ECF No. 16. On February 8, 2017, Magistrate Judge Elizabeth A. Stafford issued a report and recommendation, concluding that the ALJ's determination that Edwards was not disabled was not supported by substantial evidence. ECF No. 17. In so concluding, the magistrate judge found that the ALJ failed to give controlling weight to the opinion of Patrick's treating source, Dr.

Leven Terejo, M.D., or, in the alternative, failed to provide good reasons for giving less than controlling weight to the Dr. Terejo's opinion. The magistrate judge further found that the ALJ had impermissibly "played doctor." She therefore recommended that Plaintiff's motion for summary judgment be granted, Defendant Commissioner's motion for summary judgment be denied, and the Commissioner's decision be remanded pursuant to sentence four of 42 U.S.C. § 405(g). The Commissioner timely objected on February 16, 2017. *See* ECF No. 18.

**I.**

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a Magistrate Judge's report and recommendation. See Fed. R. Civ. P. 72(b)(2). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). De novo review requires at least a review of the evidence before the Magistrate Judge; the Court may not act solely on the basis of a Magistrate Judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the Magistrate Judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

The Commissioner does not object to the magistrate judge's conclusion that the matter should be remanded pursuant to sentence four of 42 U.S.C. § 405(g). The Commissioner objects only to the magistrate judge's finding that the ALJ impermissibly "played doctor" in reaching her decision.

"[A]n ALJ should resist the temptation to substitute the ALJ's own interpretation of medical records for that of a physician who has examined the records." *Brown v. Comm'r of Soc.*

*Sec.*, 602 F. App'x 328, 331 (6th Cir. 2015). In other words, "ALJ's must not succumb to the temptation to play doctor and make their own independent medical findings." *Simpson v. Comm'r of Soc. Sec.*, 344 F. App'x 181, 194 (6th Cir. 2009) (quoting *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996)). On the other hand, the ALJ is required to make findings as to whether a treating source's medical opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and supported by substantial evidence. *See* SSR 96-2p, 1996 WL 374188 at *1 (July 2, 1996); 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2).

Here, the ALJ did not establish adequate grounds on which to discount the opinion of Patrick's treating physician. The ALJ thus did not adhere to the proper procedures in assessing Patrick's disability claims. *See Gentry v. Comm'r of Soc. Sec.,* 741 F.3d 708, 723 (2014). Specifically, the ALJ did not follow the treating physician rule, which requires the ALJ to "give controlling weight to a treating physician's opinion as to the nature and severity of the claimant's condition as long as it 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record.'" *Id.* (citing 20 C.F.R. § 404.1527(c)(2)). This rule intrinsically requires the ALJ to consider and weigh the medical evidence of record. In the present case, the ALJ's primary error was not in engaging with the record and weighing the evidence, but in failing to award sufficient deference to a treating source opinion. The Commissioner's objection will therefore be sustained, and the magistrate judge's report rejected to the extent she states that the ALJ impermissibly "played doctor."

## II.

Accordingly, it **ORDERED** that Defendant Commissioner's objections, ECF No. 18, are **SUSTAINED.**

- 4 -

It is further **ORDERED** that the magistrate judge's report and recommendation, ECF No. 17, is **ADOPTED IN PART AND REJECTED IN PART**.

It is further **ORDERED** that Plaintiff Patrick's motion for summary judgment, ECF No. 15, is **GRANTED.**

It is further **ORDERED** that Defendant Commissioner's motion for summary judgment, ECF No. 16, is **DENIED**.

It is further **ORDERED** that this matter is **REMANDED** to the Social Security Administration for further proceedings consistent with this Order.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: March 1, 2017

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 1, 2017.

s/Michael A. Sian
MICHAEL A. SIAN, Case Manager